DLD-331                                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1840
_____

UNITED STATES OF AMERICA

v.

NATHANIEL SWINT, a/k/a Nate

Nathaniel Swint,
                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 84-cr-00364)
District Judge:  Honorable Timothy J. Savage
_____

Submitted on Whether a Certificate of Appealability Should Issue or
for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 11, 2015

Before: FISHER, SHWARTZ, and GREENBERG, Circuit Judges

(Opinion filed: September 18, 2015)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In 1995, Nathaniel Swint was convicted of drug trafficking charges. Based on the drug type and quantity and Swint's two prior convictions, he was sentenced to the mandatory minimum sentence of life in prison. We affirmed his conviction and sentence on appeal. See No. 96-1870. In 2000, the District Court denied Swint's motion filed pursuant to 28 U.S.C. § 2255. See United States v. Swint, No. 98-5788, 2000 WL 987861 (E.D. Pa. July 17, 2000). Since his § 2255 motion was denied, Swint has continually filed various motions challenging his conviction and sentence.

In March 2015, Swint filed a "Motion for an indicative ruling" in which he argued that the Government had breached its plea bargain when Swint pleaded guilty to one of his prior predicate convictions in 1985. The District Court denied the motion for lack of jurisdiction, and Swint filed a notice of appeal.

To the extent that Swint challenges his sentence, his motion is properly brought as one pursuant to 28 U.S.C. § 2255. See, e.g., Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005). However, because Swint has already filed a § 2255 motion, the District Court lacked jurisdiction over the motion absent certification from this Court pursuant to 28 U.S.C. § 2255(h). In any event, Swint's motion lacks merit.

In his motion for an indicative ruling, Swint asserted that at the time of his plea in 1985, a subsequent drug offense would result in a sentence of thirty years in prison. Swint argued that his agreement to the plea was based on that thirty-year sentence for

subsequent offenses.[1]  His argument is frivolous.  Informing Swint of the consequences of a subsequent offense was intended to dissuade him from future criminal conduct; it was not a promise that future drug trafficking would only result in a limited sentence.  At the time Swint committed his current offense, the relevant statute, 21 U.S.C. § 841(b)(1)(A), mandated a life sentence based on the drug amount involved and Swint's prior convictions.  Moreover, Swint admits that he was informed of the consequences of any subsequent offense on March 4, 1985—the day of his sentencing—which was two months after he entered his guilty plea.  Thus, any statement made at sentencing did not induce his guilty plea.

Because Swint has not shown that jurists of reason would debate the correctness of the District Court's decision, we will deny a certificate of appealability.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).  To the extent that Swint is not challenging his sentence under § 2255 and a certificate of appealability is not needed, see 28 U.S.C. § 2253(c)(1)(B), we will summarily affirm the District Court's order.  See Third Circuit I.O.P. 10.6.

---

[1] It appears that Swint would have us believe that as he pleaded guilty to drug trafficking and received a sentence of fifteen years in prison, he was already considering his next offense.