DLD-144                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1262
_____

IN RE: NATHANIEL SWINT,
                                                            Petitioner

_____

On a Petition for Writ of Audita Querela from the
United States District Court for the Eastern District of Pennsylvania
(Related to Crim. No. 2-84-cr-00364-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 9, 2018
Before: JORDAN, SHWARTZ, and KRAUSE, Circuit Judges

(Opinion filed: March 21, 2018)

_____

OPINION[*]
_____

PER CURIAM

        Nathaniel Swint has filed a petition for a writ of audita querela. For the reasons

below, we will deny the petition.

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 1995, Swint was convicted of drug trafficking charges. Based on the drug type and quantity involved and Swint's two prior convictions, he was sentenced to the mandatory minimum sentence of life in prison. We affirmed his conviction and sentence on appeal. See No. 96-1870. In his petition for audita querela, Swint seeks to challenge one of those prior convictions: a 1985 guilty plea to federal charges of distributing heroin and cocaine.

We need not reach the issue of whether Swint may proceed using a petition for audita querela because his petition is without merit. Although his arguments are difficult to discern, it appears that he is repeating a contention he has raised before: that his prior conviction cannot be used to enhance his current sentence because the law at the time of his 1985 guilty plea did not provide for a mandatory minimum life sentence for a subsequent offense. We addressed this meritless argument in a prior appeal:

> Swint asserted that at the time of his plea in 1985, a subsequent drug offense would result in a sentence of thirty years in prison. Swint argued that his agreement to the plea was based on that thirty-year sentence for subsequent offenses. His argument is frivolous and ridiculous. Informing Swint of the consequences of a subsequent offense was intended to dissuade him from future criminal conduct; it was not a promise that future drug trafficking would only result in a limited sentence. At the time Swint committed his current offense, the relevant statute, 21 U.S.C. § 841(b)(1)(A), mandated a life sentence based on the drug amount involved and Swint's prior convictions.

United States v. Swint, 616 F. App'x 38, 39 (3d Cir. Sept. 18, 2015) (per curiam).

Swint also appears to argue that his 1985 conviction did not qualify as a felony drug offense that could trigger a mandatory minimum under 21 U.S.C. § 841(b)(1)(A) ("If any person commits a violation of this subparagraph [] after two or more prior

2

convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment."). However, the 1985 conviction for distributing heroin and cocaine with its sentence of fifteen years in prison clearly qualifies as "an offense that is punishable by imprisonment for more than one year under any law of the United States . . . that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44).

For the above reasons, we will deny the petition for a writ of audita querela. We remind Swint that repetitive and frivolous litigation may result in monetary sanctions and filing restrictions.